**BIESANTZ v. GARVAN, Alien Property Custodian.**

(District Court, E. D. New York. November 22, 1920.)

Insurance ☞777—Under laws of order, resident of foreign country not entitled to benefit on failure of designation.

Under the laws of a society providing that if the designation of a beneficiary fails, the benefit shall be payable to persons mentioned in the order given, and that no benefit "shall be made payable to persons permanently residing outside the United States or Canada," on failure of the designation of a beneficiary, permanent residents of Germany cannot take.

At Law. Action by Otto Biesantz against Francis P. Garvan, as Alien Property Custodian, etc. Judgment for plaintiff.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kamen & Ostertag, of New York City, for plaintiff.

Leroy W. Ross, of Brooklyn, N. Y. (Charles J. Buchner, U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

GARVIN, District Judge. On December 19, 1910, the Supreme Council of the Royal Arcanum, a corporation organized under the laws of Massachusetts and authorized to write fraternal insurance in the state of New York, issued a certificate by which it agreed to pay Henrietta O'Kolski, therein referred to as the second cousin of August Biesantz, the sum of $1,500, upon the death of the latter. This certificate provided that the payment of any benefit thereunder should be subject to the constitution and by-laws of said Supreme Council, which are in part as follows:

"If Designation Fails.

"Section 330. If at the time of the death of a member, who has designated as beneficiary a person of class second, the dependency required by the laws of the order shall have ceased, or shall be found not to have existed, or if the designated beneficiary is his wife, and they shall be divorced upon the application of either party, or if any designation shall fail for illegality, death of beneficiary, or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, section No. 324, if living, in the shares and order of precedence by grades as therein enumerated, the persons living of each precedent grade taking, in equal shares per capita, to the exclusion of all persons living of subsequently enumerated grades; except that in the distribution among persons of grade second the children of deceased children shall take by representation the share the parent would have received if living; and except that in the distribution among persons of grade thirteenth, only those who are next in kinship to the deceased member shall take. If no one of said class first shall be living at the death of the member, the benefit shall revert to the Widows' and Orphans' Benefit Fund."

"Who may be Designated.

"Section 324. A benefit may be made payable to any one or more persons of any of the following classes only:

"Class First.
"Grade 1st. Member's wife.
"Grade 2d. Member's children, and children of deceased children, and member's children by legal adoption.
"Grade 3d. Member's grandchildren.
"Grade 4th. Member's parents, and member's parents by legal adoption.
"Grade 5th. Member's brothers and sisters of the whole blood."

"Foreign Beneficiaries.

"Section 328. No benefit shall be made payable to any person or persons permanently residing outside the limits of the United States or Dominion of Canada, excepting to a person or persons permanently residing in territory owned by or under the governmental control of the United States of America."

August Biesantz died March 31, 1918. Henrietta O'Kolski was not his second cousin, and her designation as a beneficiary thereby failed. Plaintiff was his brother, and is the only person referred to in class first of section 324, supra, who, at the time of decedent's death, was qualified to take under section 328. After decedent's death, the Alien Property Custodian demanded and received from said Supreme Council said $1,500 due under said certificate, claiming that four residents of Germany were the owners thereof, and that he was entitled

to receive the same under section 7(e) of the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d).

The defendants contend that upon the failure of designation of beneficiary the sum of $1,500 must be disposed of in accordance with section 330 of the by-laws of the Royal Arcanum, supra.

The court is of the opinion that the true construction to be placed upon section 328 is that it was intended to avoid the various difficulties which would frequently be encountered in paying over any benefit to a resident of a foreign country. If the section were to be given the meaning urged by the defendants, namely, that it applies only to designation of beneficiaries, the limitation would have contained the word "certificate," so that the section would have read:

"No benefit certificate shall be made payable to any person or persons residing outside the limits of the United States," etc.

The inhibition contained in the section is unqualified, and in the opinion of the court is intended to prohibit a benefit being made payable by its terms, or in any other manner, directly or indirectly, by the by-laws or by operation of law, to permanent residents of Germany. That the defendant's construction of the section could never have been intended is plain from the following case, which might happen at any time: Let us suppose that the insured had a wife and child living, both permanent residents of Germany; the child being designated as beneficiary. The child could not take, and yet, if the defendants' present contention should be upheld, the wife would be entitled to the benefit. The court cannot accept a construction which would permit that which the by-laws obviously intended to avoid.

There will be a judgment for plaintiff.